UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| LOWE'S COMPANIES, INC., | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | FILE NO. 5:10-CV-00012 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. ETHERNET INNOVATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT U.S. ETHERNET INNOVATIONS, LLC'S MOTION TO DISMISS

NOW COMES Defendant U.S. ETHERNET INNOVATIONS, LLC ("USEI") and, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, hereby files this motion to dismiss the Complaint filed by Plaintiff LOWE'S COMPANIES, INC. ("Lowe's") in this action. Lowe's hastily filed the present action without any regard for whether this Court has jurisdiction over USEI, a Texas company with no contacts with the State of North Carolina. Lowe's Complaint alleges jurisdiction based on two grounds: (1) because "USEI sent correspondence to this State and District"; and (2) because, "upon information and belief, USEI is doing business and has done business in this district." [Dkt. No. 1 at ¶ 5] The first justification is legally unsupportable, as it has been consistently rejected by controlling precedent from the Federal Circuit.[1] The second is factually unsupportable, as USEI has no connection to this judicial district or the State of North Carolina.

In light of the absence of the requisite "minimum contacts" between USEI and this forum, USEI respectfully requests that this case be dismissed.

---

[1] Personal jurisdiction issues in a patent infringement case are determined pursuant to Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

BACKGROUND

I.  USEI

USEI is a Texas limited liability company based in Tyler, Texas. [Declaration of David A. Kennedy ("Kennedy Decl."), filed contemporaneously herewith, at ¶ 2] 3Com Corporation ("3Com") selected USEI to handle certain aspects of enforcement related to the wide-spread infringement of 3Com's patented Ethernet Technology (the "Ethernet Patent Portfolio"). While at one time, 3Com employed 4,000 people in its Ethernet business, this division has been completely driven out of the market by waves of cheap, primarily foreign manufactured Ethernet products. USEI was formed to continue 3Com's successful licensing program on behalf of its portfolio of foundational patents in Ethernet technology. [*Id.* at ¶ 3]

USEI has no contacts with the State of North Carolina. USEI has no office or facility in North Carolina. USEI has no employees located in North Carolina. [*Id.* at ¶ 4] USEI has not engaged in any marketing activities in North Carolina, nor engaged in any advertising in North Carolina newspapers or on North Carolina television or radio stations. [*Id.* at ¶ 5] USEI maintains no bank accounts in North Carolina, has obtained no loans in North Carolina, is not registered to do business in North Carolina, and has no agent for service of process in North Carolina. USEI has received no revenues from the State of North Carolina. [*Id.* at ¶ 6]

USEI has not issued an exclusive license to the patents in the Ethernet Patent Portfolio. Other than this lawsuit, USEI has not been involved in any litigation in North Carolina. [*Id.* at ¶ 7]

II.  Lowe's

On or about October 13, 2009, USEI sent Lowe's a package of materials regarding the Ethernet Patent Portfolio and offered Lowe's a license to that portfolio. Lowe's failed to respond. [*Id.* at ¶ 8] After leaving phone messages with Lowe's in house attorney, Sandra L. Boscia, USEI

sent a second letter on or about November 13, 2009. [*Id.* at ¶ 9] On November 20, 2010, Lowe's in-house attorney Sandra L. Boscia sent USEI an email stating that it would respond to USEI's correspondence once Lowe's had an opportunity to review the materials regarding the Ethernet Patent Portfolio. [*Id.* at ¶ 10] No conversation with Ms. Boscia ever occurred. [*Id.* at ¶ 11]

On or about January 29, 2009, John Herman, outside counsel for USEI, sent a third letter to Lowe's. [Declaration of John C. Herman ("Herman Decl."), filed contemporaneously herewith, at ¶ 3] On February 10, 2010, Ms. Boscia, left a voice mail message for Mr. Herman. In that voice mail, Ms. Boscia said that she was calling in response to Mr. Herman's January 29 letter and that Lowe's was "continuing to investigate the information that we have and the information provided to us" regarding the Ethernet Patent Portfolio. [*Id.* at ¶ 4] That same day, Ms. Boscia followed up her voice mail with a letter stating, *inter alia*,

> As you can understand, ***the due diligence necessary to review the materials in hand is quite extraordinary and cannot be accurately performed in a short amount of time.*** We appreciate your patience and hope, at a minimum, ***to complete our investigation in the next forty-five (45) days***.

[*Id.* at Ex. B (emphasis added)]

Notwithstanding the reported status of Lowe's investigation and the time necessary to complete it, Lowe's rushed to the courthouse to file the present action only two days later, on February 12, 2010, seeking a declaration that Lowe's had not infringed *any* of the patents in the USEI Ethernet Patent Portfolio. [Dkt. No. 1 at ¶ 14] Lowe's has yet to serve the Complaint.

## ARGUMENT

I. <u>This Court Lacks Personal Jurisdiction Over USEI.</u>

    A. <u>Personal Jurisdiction Standard</u>

Personal jurisdiction issues in a patent infringement case are determined pursuant to Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). A District

Court has personal jurisdiction over the defendant if: (1) jurisdiction exists under the forum state's long-arm statute, and (2) the assertion of personal jurisdiction is consistent with the limitations of the due process clause. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). North Carolina's long-arm statute is construed to extend to the outer boundaries of due process. *Diagnostic Devices, Inc. v. Pharma Supply, Inc.*, No. 3:08-cv-149-RJC-DSC, 2009 WL 3633888 (W.D.N.C. Oct. 30, 2009) (citing *Dillon v. Numismatic Funding Corp.*, 231 S.E.2d 629, 630 (N.C. 1977). The jurisdiction analysis therefore reduces to a due process inquiry. *Pennington Seed v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts can be established by a showing of either "specific" or "general" jurisdiction. *Helicopteres Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction exists if the plaintiff's claims "arise out of" or have a "causal nexus" with the defendant's conduct in the forum. *Id.* at 414. General jurisdiction exists if the defendant has "continuing and systematic" contacts with the forum. *Id.* at 415.

    B.    <u>This Court Has Neither Specific Nor General Jurisdiction Over USEI.</u>

        1.    <u>A Licensing Letter Does Not Confer Specific Jurisdiction.</u>

The Federal Circuit has consistently held that "letters threatening suit for patent infringement sent to the alleged infringer *by themselves* do not suffice to create personal jurisdiction." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1333 (Fed. Cir. 2009) (citing *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F3d 1194, 1201 (Fed. Cir. 2003)) (emphasis in original); *United Plastics Corp. v. Terra Techs., Inc.*, No. 1:06CV00629, 2007 WL 433389 *2 (M.D.N.C. Feb. 6,

2007) (citing *Silent Drive.*, 326 F3d at 1201). "[T]o exercise jurisdiction in such a situation would not comport with fair play and substantial justice." *Id.* In order to comport with "fair play and substantial justice," there must be some "other activities directed at the forum and related to the cause of action besides the letters threatening suit." *Id.* These other activities include "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* at 1334.

Lowe's contention that specific jurisdiction exists based on the correspondence that USEI has sent to Lowe's in this state, [Dkt. No. 1 at ¶ 5], is flatly contradicted by clear and controlling Federal Circuit precedent. *Avocent*, 552 F.3d at 1333; *United Plastics*, 2007 WL 433389 at *2. Moreover, USEI has not engaged in any "other activities" in connection with its licensing letters that would support specific jurisdiction in this forum. [*See* Kennedy Decl. ¶ 7] This Court therefore lacks specific jurisdiction over USEI. *Avocent*, 552 F.3d at 1333; *United Plastics*, 2007 WL 433389 at *2.

    2.    <u>USEI Is Not "Doing Business" In This Forum.</u>

Lowe's Complaint also alleges, "upon information and belief," that general jurisdiction exists because "USEI is doing business and has done business in this State and District." This contention is not accurate. As noted above, USEI has no contacts with the State of North Carolina. *See* [Kennedy Decl. ¶¶ 4-7] USEI has no office or facility in North Carolina. USEI has no employees located in North Carolina and has not engaged in any marketing activities or advertising in North Carolina. USEI maintains no bank accounts in North Carolina, has obtained no loans in North Carolina, is not registered to do business in North Carolina, and has no agent for service of process in North Carolina. Other than this lawsuit, USEI has not been involved in any litigation in North

Carolina. *Id.* In short, USEI has no contacts with North Carolina and certainly none sufficient to confer general jurisdiction in this forum.

In the absence of any contacts with this forum, Lowe's cannot establish personal jurisdiction over USEI in this juridical district. Accordingly, USEI respectfully requests that the Complaint be dismissed.

Respectfully submitted, this 30th day of March, 2010.

s/ Marc E. Gustafson
State Bar No. 34429
Counsel for Defendant
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727
Telephone: 704-377-4300
Fax: 704-372-1357
E-mail: mgustafson@essexrichards.com

---

OF COUNSEL
John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
Jessica K. Redmond
COUGHLIN STOIA GELLER RUDMAN
   & ROBBINS, LLP
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)

Attorneys for Defendant
U.S. Ethernet Innovations, LLC

## CERTIFICATE OF SERVICE

I certify that the document to which this certificate is affixed, Defendant U.S. Ethernet Innovations, LLC's Motion to Dismiss, including any exhibit or other document attached thereto, was served upon each of the parties to this action by delivering a copy via electronic filing with the North Carolina District Court for the Western District of North Carolina:

Scott M. Tyler; E-mail: scotttyler@mvalaw.com
Moore & Van Allen PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Counsel for Plaintiff

This 30th day of March, 2010.

s/ Marc E. Gustafson
State Bar No. 34429
Counsel for Defendant
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727
Telephone: 704-377-4300
Fax: 704-372-1357
E-mail: mgustafson@essexrichards.com

---

OF COUNSEL
John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
Jessica K. Redmond
COUGHLIN STOIA GELLER RUDMAN
 & ROBBINS, LLP
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)

Attorneys for Defendant
U.S. Ethernet Innovations, LLC